IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
JEFFREY WHEATON and DANIEL HOGUE,  )
On Behalf of Themselves and        )
All Others Similarly Situated,     )
                                   )
            Plaintiffs,            )
                                   )
      v.                           )    Case No. 14-2223-RDR
                                   )
HINZ JJ, LLC, et al.,              )
                                   )
            Defendants.            )
```

**MEMORANDUM AND ORDER**

Plaintiffs bring this putative class action against defendants alleging that the defendants failed to pay them minimum wage. Plaintiffs were delivery drivers at defendants' restaurants. They earned minimum wage but allegedly were not paid for certain expenses that were incurred while they were making deliveries. Thus, they assert that their wages fell below minimum wage. This matter is presently before the court upon defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

I.

Based upon the aforementioned alleged conduct, plaintiffs assert two claims. They first claim is that the defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* They next contend that the defendants violated the Kansas Wage Payment Act (KWPA), K.S.A. § 44-313 *et seq.*

In the instant motion, defendants raise two arguments. They

contend that the minimum wage violations asserted by plaintiffs do not fall under the KWPA. They assert that these allegations must be addressed under the Kansas Minimum Wage Maximum Hour Law (KMWMHL), K.S.A. § 44-1201 *et seq.* They further suggest, however, that the KMWMHL is inapplicable to employers and employees covered by the FLSA, which they argue is undisputed here. Finally, the defendants argue that plaintiffs' KWPA claim should be dismissed because it is preempted by the FLSA.

## II.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Dubbs v. Head Start, Inc., 336 F.3d 1194,

1201 (10th Cir. 2003). In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense. Iqbal, 556 U.S. at 678. All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff. See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). Allegations that merely state legal conclusions, however, need not be accepted as true. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.

The defendants rely upon Judge Murguia's decision in Spears v. Mid-America Waffles, Inc., 2011 WL 6304126 (D.Kan. Dec. 16, 2011) for support of their argument that minimum wage violations are not covered by the KWPA. There, plaintiffs asserted KWPA and FLSA claims, claiming that the defendants regularly failed to pay minimum wage because of inaccurate tip computations. Judge Murguia held that plaintiffs were barred from bringing claims for minimum wage violations under the KWPA because such claims are redressed under the KMWMHL, which is inapplicable to employers, such as the defendants, and employees, such as the plaintiffs, covered by the FLSA. Id. at *4-5.

In response to defendants' motion, plaintiffs have inexplicably failed to mention Spears. Rather, they have pointed the court to

the Kansas Supreme Court's decision in Elkins v. Showcase, Inc., 237 Kan. 720, 704 P.2d 977 (1985).  They suggest that Elkins indicates that KWPA claims can proceed alongside FLSA claims because claims for minimum wage violations constitute "wages due" under the KWPA.

The court has thoroughly considered Elkins and Spears.  The court believes that Judge Murguia properly decided this issue and we shall follow his decision.  The court is not persuaded that Elkins requires otherwise.  In Elkins, an administrative hearing officer in the Kansas Department of Human Resources found that the defendant restaurant violated the FLSA by (1) diverting an excessive amount of the plaintiff's tips into a tip pool, and (2) making payments from the tip pool to non-tipped employees.  Elkins, 704 P.2d at 988. Because the tip pooling system did not conform to the regulations of the FLSA, the administrative officer found that the pooling system was invalid and that the defendant had therefore withheld "wages due" within the meaning of the KWPA.  Id. at 981-82.  In affirming the administrative officer's ruling, the Kansas Supreme Court approved an analysis by which a KWPA violation was established on the basis of an FLSA violation, even though plaintiff sued solely under the KWPA.  Id. at 988-89.  The Elkins court noted that the FLSA "had to be considered in order to determine if there had been a violation of the KWPA." Id. at 984.

This case is distinguishable from Elkins because, unlike this

4

case, there was no allegation in Elkins that the restaurant employer failed to pay minimum wage.  In Elkins, the plaintiff did not claim that he was paid less than minimum wage, only that the deductions made by his employer were impermissible.

The only case in Kansas that has considered claims under the KWPA and the FLSA based upon alleged minimum wage violations is Shears.  The court believes that Judge Murguia correctly determined that, in such circumstances, a plaintiff may only assert a claim under FLSA because Kansas law allows minimum wage violations to be pursued under the KMWMHL alone, which specifically exempts FLSA-covered employers.  Since there appears to be no dispute that the plaintiffs and the defendants are covered by the FLSA, plaintiffs' claims asserted under the KWPA must be dismissed.  Accordingly, the court shall grant defendants' motion to dismiss.  With this decision, the court need not consider the other argument raised by the defendants.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. # 11) be hereby granted.  The court shall dismiss plaintiffs' claim under the Kansas Wage Payment Act (Count 2) for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Dated this 15th day of October, 2014, at Topeka, Kansas.

s/ RICHARD D. ROGERS
United States District Judge